UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JAMES M. MOORE,

        Plaintiff,

v.                              Case No. 3:05-cv-471-J-20HTS

TRUNG VAN LE, etc.,

        Defendant.
_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff, an inmate of the Florida penal system proceeding pro se, initiated this action by filing a Civil Rights Complaint Form (Doc. #1) (hereinafter Complaint) on May 20, 2005. He is proceeding on an Amended Complaint (Doc. #9). His Amended Complaint relates to prison conditions. On April 26, 1996, the President signed into law the Prison Litigation Reform Act (hereinafter PLRA) which amended The Civil Rights of Institutionalized Persons Act, 42 U.S.C. § 1997e to read as follows:

> (a) Applicability of Administrative Remedies. No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

"[T]he exhaustion requirement cannot be waived based upon the prisoner's belief that pursuing administrative procedures would be

futile." <u>Higginbottom v. Carter</u>, 223 F.3d 1259, 1261 (11th Cir. 2000) (per curiam) (citing <u>Alexander v. Hawk</u>, 159 F.3d 1321, 1323 (11th Cir. 1998)). "Congress now has mandated exhaustion in section 1997e(a) and there is no longer discretion to waive the exhaustion requirement." <u>Alexander</u>, 159 F.3d at 1325; <u>see</u> <u>also</u> <u>Booth v. Churner</u>, 532 U.S. 731, 741 (2001) (finding that Congress has mandated exhaustion of administrative remedies, regardless of the relief offered through the administrative procedures). In determining whether a plaintiff has exhausted his administrative remedies, a court does "not review the effectiveness of those remedies, but rather whether remedies were available and exhausted." <u>Miller v. Tanner</u>, 196 F.3d 1190, 1193 (11th Cir. 1999) (citing <u>Alexander</u>, 159 F.3d 1326).

Here, the record reflects that Plaintiff has not exhausted his available administrative remedies. As an initial matter, the Court notes that Plaintiff's Appeal to the Office of the Secretary was pending when he initiated this action. <u>See</u> Complaint at 4. The PLRA requires that Plaintiff exhaust all administrative remedies **before** he initiates his suit in federal court. Furthermore, Plaintiff's Appeal to the Office of the Secretary was returned to him unprocessed because he did not file a grievance at the institutional level. <u>See</u> Plaintiff's untitled pleading (Doc. #10), filed June 23, 2005, at Exhibit A. Plaintiff was informed that he could resubmit his grievance at his current location within fifteen days. <u>Id</u>. Therefore, this case will be dismissed without

2

prejudice because Plaintiff should not have filed it without first exhausting all of his available administrative remedies.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1. This case is hereby **DISMISSED** without prejudice.

2. The Clerk of the Court shall enter judgment dismissing this case without prejudice, and close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this ___ day of July, 2005.

_____
UNITED STATES DISTRICT JUDGE

ps 7/8
c:
James M. Moore